

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-23,263-05

### EX PARTE WILLIAM WALTER JOBE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 10-12-13632-CR(2) IN THE 359th DISTRICT COURT
### FROM MONTGOMERY COUNTY

*Per curiam*.

### ORDER

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving while intoxicated and sentenced to forty years' imprisonment. The Ninth Court of Appeals affirmed his conviction. *Jobe v. State*, No. 09-11-00024-CR (Tex. App.—Beaumont Oct. 10, 2012) (not designated for publication).

Applicant has filed a habeas corpus application raising three grounds of error. However, the record before us reflects that Applicant has filed *pro se* pleadings with the district clerk stating he wants habeas counsel removed from this case and, it appears, he also wishes to withdraw the habeas

corpus application filed by aforementioned counsel.

In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel other than current habeas counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to whether Applicant wishes habeas counsel to be removed from this case and whether he wishes the habeas corpus application to be withdrawn. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: November 2, 2016
Do not publish